### J. R. CARROLL v. THE STATE.

No. 3990. Decided March 15, 1916.

Rehearing denied April 5, 1916.

**1.—Game Law—Catching Fish—Statement of Facts—County Court.**

A statement of facts in the County Court must be filed within twenty days after the adjournment of court, and this must be preceded by an order entered of record for that purpose, and where such order allowed thirty days, the statement of facts should nevertheless have been filed within twenty days.

**2.—Same—Information—Complaint.**

Where, upon trial of catching fish in violation of a game law, the information and complaint followed the statutes, the same was sufficient.

**3.—Same—Jurisdiction—Red River—Boundary Line.**

Where defendant contended that having caught the fish in Red River it was beyond the jurisdiction of a court in Texas to try him for a violation of the game law. Held that, although Red River is the boundary line between Texas and Oklahoma, it still is within the jurisdiction of Texas as to a violation of her game laws.

Appeal from the County Court of Grayson. Tried below before the Hon. Dayton B. Steed.

Appeal from a conviction of a violation of a game law; penalty, a fine of $25.

The opinion states the case.

*J. H. Randell,* for appellant.—On question of the insufficiency of the information: Roberts v. Yarboro, 41 Texas, 449; Campbell v. Wiggins, 85 id., 424; State v. Brady, 118 S. W. Rep., 128; Sparks v. State, 174 S. W. Rep., 351.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of striking out statement of facts: Looper v. State, 62 Texas Crim. Rep., 96.

On question of sufficiency of the information: Taylor v. State, 55 S. W. Rep., 832.

DAVIDSON, Judge.—Appellant was convicted of catching fish in violation of the game law, his punishment being assessed at a fine of $25.

There are no bills of exception or statement of facts contained in the record. There is what purports to be a statement of facts, but it was filed more than twenty days after the adjournment of court. Under quite a number of decisions in Texas a statement of facts in the County Court, must be filed within twenty days after the adjournment of court, and this must be preceded by an order entered of record for that purpose. There is an order entered in this record allowing thirty days, and the statement of facts was filed twenty-six or twenty-seven days after court adjourned, but that document should have been filed before the expiration of the twenty days under an unbroken line of authorities. Therefore, questions incidental to the statement of facts can not be considered.

Motion to quash as well as motion in arrest of judgment were urged against the pleading. We are of opinion that the trial court did not err in overruling these matters. The statute under which appellant was indicted prohibits the catching of fish except by hook and line, trot line, etc., and nets under certain circumstances, but the meshes of the nets must be above a specified size, that is, three inches or above, unless it is a trammel net, in which instance it must be four inches. The information and complaint sufficiently allege these matters in the terms of the statute and show that appellant caught fish in nets prohibited by statute.

There is another question presented, towit: that appellant having caught the fish in Red River, it was beyond the jurisdiction of Texas. We do not agree with appellant on this question. Red River is a boundary line between Texas and Oklahoma, and while it might be under the Federal jurisdiction as to some matters, it still is within the jurisdiction of Texas as to a violation of her game laws. We are cited to no authority that would limit Texas to go beyond the edge of the water on the south bank of the river in enforcing its law. There is none in the Texas statute that we have been able to find that would justify that conclusion, nor has any been called to our attention, in the Acts of Congress. In some respects fresh water streams, which may be navigable, can be or may be under the jurisdiction of Congress, but that

does not apply to this statute. We think the jurisdiction of Texas fully reached and covered the territory in which this fishing occurred.

Finding no reversible error in the judgment it is affirmed.

*Affirmed.*

[Rehearing denied April 5, 1916.—Reporter.]